

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Sir:

Opinion No. O-6881

Re: Fees of county attorney
for attending and prosecuting
felony cases before examining
court.

We have received your request for our opinion on the hereinabove captioned matter, and we quote from your letter as follows:

"Will appreciate your opinion on the question of a fee in an examining trial. In order that you may better render your opinion, I will state the condition as it is. A man was charged with passing a forged check to C. D. on the 13th day of June. This same man was charged with passing another forged check to A. B. on the 14th day of June. I filed two complaints. Held two examining trials and the Grand Jury returned two bills. I claimed two fees for same. The judge claims that I am not entitled to but one fee under the statute. The statute plainly says that only one fee is to be allowed where the two indictments are from the same Criminal Act or transaction. It is my contention that the above constituted two separate criminal acts and transactions.

"It is my opinion that the statute had reference to such an instance as where a man forges a check and then passes it. In this instance it all grows out of the same act but becomes two offenses. Then I think it is clear that only one examining fee is allowed.

"Will appreciate your opinion."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1020 of Vernon's Annotated Code of Criminal Procedure reads in part, as follows:

". . ."

"District and County Attorneys, for attending and prosecuting any felony case before an examining court, shall be entitled to a fee of Five and no/100 ($5.00) Dollars, to be paid by the State for each case prosecuted by him before such court.  Such fee shall not be paid except in cases where the testimony of the material witnesses to the transaction shall be reduced to writing, subscribed and sworn to by said witnesses; and provided further that such written testimony of all material witnesses to the transaction shall be delivered to the District Clerk under seal, who shall deliver the same to the foreman of the grand jury and take his receipt therefor.  Such foreman shall, on or before the adjournment of the grand jury, return the same to the clerk who shall receipt him and shall keep said testimony in the files of his office for a period of five years.

"The fees mentioned in this Article shall become due and payable only after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the Judge of the District Court, and said County or District Attorney shall present to the District Judge the testimony transcribed in the examining trial, who shall examine the same and certify that he has done so and that he finds the testimony of one or more witnesses to be material; and provided further that a certificate from the District Clerk, showing that the written testimony of the material witnesses has been filed with said District Clerk, in accordance with the preceding paragraph, shall be attached to said account before such District or County Attorney shall be entitled to a fee in any felony case for services performed before an examining court.

"Only one fee shall be allowed to any officer mentioned herein for services rendered in an examining trial, though more than one defendant is joined in the complaint, or a severance is had.  When defendants are proceeded against separately, who could have been proceeded against jointly, but one fee shall be allowed

in all cases that could have been so joined. No
more than one fee shall be allowed to any officer
where more than one case is filed against the same
defendant for offenses growing out of the same
criminal act or transaction. The account of the
officer and the approval of the District Judge
must affirmatively show that the provisions of
this Article have been complied with."

Article 1027 of Vernon's Annotated Code of Criminal Pro-
cedure reads as follows:

"In all cases where a defendant is indicted
for a felony but under the indictment he may be
convicted of a misdemeanor or a felony, and the
punishment which may be assessed is a fine, jail
sentence or both such fine and imprisonment in
jail, the State shall pay no fees to any officer,
except where the defendant is indicted for the
offense of murder, until the case has been finally
disposed of in the trial court. Provided, the
provisions of this Article shall not be construed as
effecting in any way the provisions of Article 1019,
Code of Criminal Procedure, as amended by Chapter
205, General Laws, Regular Session, Forty-second
Legislature; Provided this shall not apply to
examining trial fees to County Attorneys and/or
Criminal District Attorneys." (underscoring ours)

It will be observed that Article 1020, supra, provides
that "County Attorneys, for attending and prosecuting any
felony case before an examining court, shall be entitled to
a fee of Five and no/100 ($5.00) Dollars, to be paid by the
State for each case prosecuted by him before such court." Of
course, there are some other provisions of this statute that
County Attorneys in fee counties must comply with before re-
ceiving said fees.

Also, we find the following restrictive provisions con-
tained in said Article:

"Only one fee shall be allowed to any officer
mentioned herein for services rendered in an examining
trial, though more than one defendant is joined in the
complaint, or a severance is had. When defendants are
proceeded against separately, who could have been pro-
ceeded against jointly, but one fee shall be allowed
in all cases that could have been so joined. No more
than one fee shall be allowed to any officer where
more than one case is filed against the same defendant
for offenses growing out of the same criminal act or
transaction."

Honorable L. W. Vance,  page 4


Your letter clearly indicates that two cases were filed against the same defendant for separate offenses growing out of different criminal acts or transactions.

It is therefore our opinion that you are entitled to the prescribed fee in each of the cases mentioned in your letter.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By          J. C. Davis, Jr.

J. C. Davis, Jr.
Assistant

JCD:LJ

APPROVED OCT 19 1948

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN